#### UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF MAINE

| | |
|---|---|
| LISA GILLIAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. _____ |
| | ) |
| TRACTOR SUPPLY COMPANY, | ) |
| | ) |
| Defendant. | ) |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Tractor Supply Company ("TSC") hereby notices the removal of the action captioned *Lisa Gilliam v. Tractor Supply Company* filed in Maine Superior Court, Kennebec County, Docket No. AUGSC-CV-2024-03 (the "State Court Action"), to the United States District Court for the District of Maine. In support of this Notice of Removal, TSC states as follows:

### STATE COURT ACTION

1. On January 16, 2024, Plaintiff Lisa Gilliam served TSC with a Summons and Complaint for the State Court Action. Copies of the Summons (with proof of service endorsed thereon) and Complaint are attached as Exhibit A.

2. Pursuant to the Complaint, Ms. Gilliam alleges that, on or about July 21, 2020, she tripped on a pallet and fell at TSC's location in Waterville, Maine. Exhibit A, Compl. ¶¶ 3, 5.

3. Ms. Gilliam alleges claims for negligence, including that TSC breached its duties to properly maintain the premises, to provide reasonably safe premises, to warn of the alleged dangerous condition, and to conduct an inspection of the premises. Exhibit A, Compl. ¶¶ 3, 5, 9, 12, 16.

4. Ms. Gilliam alleges that she has suffered "great pain and suffering and mental anguish . . . requiring hospitalization and medical treatment[,] . . . loss of enjoyment of life, loss of earnings, and loss of earning capacity, all of which elements of damage are of a continuing nature since the injuries are permanent in their effects." Exhibit A, Compl. ¶ 6.

5. On Friday, February 2, 2024, TSC timely served, on counsel for Ms. Gilliam, its Answer and Affirmative Defenses to the Complaint denying Ms. Gilliam's claims. ME. R. CIV. P. 12(a) (a defendant shall serve its answer within twenty days after the service of, *inter alia*, the summons and complaint). The Answer and Affirmative Defenses was filed with the Kennebec County Superior Court on Monday, February 5, 2024. A copy of the Answer and Affirmative Defenses to the Complaint is attached as Exhibit B. A copy of the Scheduling Order issued by the Superior Court is attached as Exhibit C.

6. Pursuant to 28 U.S.C. § 1446(a), Exhibits A through C constitute "all process, pleadings and orders" served upon TSC in the State Court Action.[1]

## TIMELINESS OF REMOVAL

7. TSC is timely filing this Notice of Removal within thirty days of service on TSC of the Summons and Complaint. 28 U.S.C. § 1446(b)(1); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 344 (1999).

## FEDERAL DIVERSITY JURSIDICTION

8. Pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446, this Court has subject matter jurisdiction over this action and removal is appropriate: this matter is a civil action between citizens

---

[1] Plaintiff served certain discovery materials with the Summons and Complaint, including Interrogatories, Requests for Production, Requests for Admission, and Expert Disclosures. TSC has not attached those discovery materials to this Notice of Removal because they are not process, pleadings, or orders served upon TSC. *See Cedar Development East, LLC v. Town Board of Hurley*, 1:21-cv-289 (MAD/TWD), 2021 WL 3422342, at *5 (N.D.N.Y. Aug. 5, 2021) (discovery and discovery requests are not "process, pleadings and orders").

of different states in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## COMPLETE DIVERSITY OF CITIZENSHIP OF THE PARTIES

9. Ms. Gilliam alleges that she is an individual residing in Pittston, Maine. Exhibit A, Compl. ¶ 1.

10. For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

11. For purposes of diversity jurisdiction, TSC is a "citizen" of Delaware and of Tennessee, as it is a corporation organized under the laws of Delaware with its principal place of business in Tennessee.

12. Complete diversity, therefore, exists between Ms. Gilliam and TSC as of the time of this Notice of Removal and existed at the time of the filing of the State Court Action.

## AMOUNT IN CONTROVERSY

13. The State Court Complaint does not allege or demand a specific amount of damages. *See* 14 M.R.S. § 52 (a Maine State Court plaintiff is not permitted to demand a specific amount in the complaint).

14. If after assertion of diversity jurisdiction a party questions the amount in controversy, "the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount, and the burden of supplying specific factual allegations to support the amount in controversy requirement." *Connolly v. Dorris*, No. 2:19-cv-00510-GZS, 2020 WL 206932, at *2

(D. Me. Jan. 14, 2020) (internal citations and quotation marks omitted), *report and recommendation adopted*, 2020 WL 2996067 (D. Me. June 4, 2020).

15. "When a case has been removed to federal court and that removal is challenged by the plaintiff, district courts in this circuit have required the defendant to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Id.* (internal citations and quotation marks omitted).

16. "In assessing the amount in controversy, the appropriate measure is the litigation value of the case, an amount arrived at by drawing all reasonable inference[s] in favor of the Plaintiff's Complaint. The amount in controversy is determined on the basis of the facts and circumstances as of the time that an action . . . arrives [in federal court] from a state court by way of removal." *Id.* (internal citations and quotation marks omitted).

17. Here, Ms. Gilliam has alleged that she suffered after the subject accident, *inter alia*, persistent and increasing lower back pain and leg pain as a result of her fall, which resulted in a "bulging disc at L5 SI" and associated nerve pain in her back and legs and which led to injections and a failed discectomy. She alleges that she will be in pain management for the rest of her life. Exhibit D, Robertson Declaration, ¶ 3.

18. Ms. Gilliam has alleged at least $33.098.33 in medical bills from the accident. Exhibit D, ¶ 4.

19. Ms. Gilliam has further alleged that in 2023 she had to take a lower paying job due to her injuries, which resulted in a paycut of $7,000 per year, and that she and her doctor are unsure how much longer she can continue to work. Exhibit D, ¶ 4.

20. Ms. Gilliam is 55 years old. Exhibit D, ¶ 4. Assuming she were to work until she was 65, the alleged paycut would result in a loss wages claim of at least $70,000.

21. Although TSC denies liability and contests the claimed damages, TSC has, applying the standard set forth in *Connolly*, met its burden of supplying sufficient factual allegations indicating that it is not a legal certainty that this matter involves less than the jurisdictional amount—*i.e.*, has established by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount.

## VENUE

22. This Court encompasses Kennebec County, Maine where the State Court Action was filed; thus, this action is properly removed to this Court, sitting in Bangor. 28 U.S.C. §§ 99, 1441(a); D. Me. L.R. 3(b).

## NOTICE

23. Pursuant to 28 U.S.C. § 1446(d), TSC will promptly file a copy of this Notice of Removal with the Clerk of the Maine Superior Court, Kennebec County, and will serve a copy on counsel of record for Ms. Gilliam. Exhibit E, Notice of Filing of Notice of Removal.

## CONCLUSION

WHEREFORE, Defendant Tractor Supply Company respectfully removes this action from the Maine Superior Court, Kennebec County, to the United States District Court for the District of Maine.

Dated at Portland, Maine this 13th day of February 2024.

> */s/ Brett R. Leland*
> Brett R. Leland, Esq., Bar No. 9828
> Verrill Dana LLP
> One Portland Square
> Portland, ME 04101-4054
> (207) 774-4000
> bleland@verrill-law.com
>
> *Attorney for Tractor Supply Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2024, I filed this Notice of Removal with the Clerk of Court by e-mailing it to MaineECFIntake@med.uscourts.gov and mailed and e-mailed a copy to counsel for Plaintiff at the following address:

> Michael J. Welch, Esquire
> Hardy Wolf & Downing, P.A.
> PO Box 3065
> 186 Lisbon Street
> Lewiston, ME 04243
> mwelch@hardywolf.com

> */s/ Brett R. Leland*
> Brett R. Leland